ANN NEWTON, Respondent, v. SAMUEL NEWTON,
Appellant.

Kansas City Court of Appeals, October 29, 1888.

1. **Practice**: PROCEEDING FOR SEPARATE MAINTENANCE UNDER SEC-
TION 3283, REVISED STATUTES. In a proceeding for separate main-
tenance, under the statute (R. S., sec. 3283), the like process is
required as in other civil suits. (R. S., sec. 3288). An order made
by the court before the return day of the summons is void.

2. ———— : EXECUTION ON VOID JUDGMENT : DUTY OF COURT CONCERN-
ING. A judgment against a party who has not been brought into
court by service of any process (as in this case) is *coram non
judice*, and void ; and execution on such a judgment is wrongfully
issued, and it is the duty of the court to quash it. The motion to
quash should be in the court from whence the execution issued.

*Appeal from Miller Circuit Court.*—HON. E. L.
EDWARDS, Judge.

. REVERSED AND REMANDED.

The case is stated in the opinion.

*Moore & Williams,* for the appellant.

(1) The execution in this case was issued without
authority of law. The order upon which it is based is
not binding on defendant. The court could not make
the order for alimony *pendente lite* in any case ; cer-
tainly not in the absence of jurisdiction. The defend-
ant was entitled to his day in court on a legal summons.
R. S. 1879, secs. 3283, 3288, 3487, 3488 ; *Cloud v. City*,
86 Mo. 358. The execution extends over five months
after the case was taken from Miller circuit court by
change of venue ; this could not be done had the origi-
nal order been valid. R. S. 1879, sec. 3741 ; *State v.
Daniels*, 66 Mo. 192 ; Freeman on Executions, sec. 20.
(2) The order for alimony *pendente lite*, if properly

made, would be suspended in case the suit is taken by a change of venue to another court, or, at least, the latter court would have control of the matter as soon as jurisdiction was acquired. In this case, the case was taken from the jurisdiction of the Miller circuit court in September, 1887, and the execution is for the collection of alimony upon the alleged order up to February, 1888. If the clerk could issue such an execution, he might continue to do so, at intervals, in the future, interminably, without reference to the termination of the suit in the Callaway circuit court. Freeman on Executions, sec. 20; R. S. 1879, sec. 3541; *State v. Daniels*, 66 Mo. 192. (3) The execution having been wrongfully and improvidently issued by the clerk, it was the duty of the lower court to quash it on motion. The court conceded the invalidity of the execution, but refused to entertain the motion to quash on the ground that "the Miller circuit court had no jurisdiction" on account of the change of venue taken in the original suit. In this the court erred. Courts will vacate void process, and also process based on void judgments, and thereby relieve defendant from annoyance, such as a cloud on his title or a suit against the officer, and the better course is always to have it quashed. Freeman on Executions, sec. 73; *Holzhour v. Meer*, 59 Mo. 434; *Henring v. Williams*, 65 Mo. 446. Application to quash a writ must always be presented to the court whence it issued, and the judge of the Miller circuit court erred in refusing to entertain the motion. *Mellier v. Bartlett*, 89 Mo. 134; *Pratt v. Canfield*, 67 Mo. 48; *Keyte v. Plemmons*, 28 Mo. 104; *Nelson v. Brown*, 23 Mo. 13; *McDonald v. Freman*, 17 Mo. 603; *Pettus, Adm'r, v. Elgin*, 11 Mo. 411. The court having refused to quash the execution, the lower court properly granted the appeal upon filing the affidavit and bond, which operated as a stay of proceedings. *Ex parte James & Ray*, 59 Mo. 280; *Parker v. Railroad*, 44 Mo. 415. Clearly, if the above propositions are correct, the case should be remanded, with directions to the lower court to quash the execution.

*Edmund Burke*, for the respondent.

(1) The circuit court of Miller county was authorized, on the petition of the plaintiff, to order and adjudge that she be supported and maintained by the defendant out of his property, and for such time as the nature of the case and the circumstances of the plaintiff required, and to enforce such judgment by execution. R. S. 1879, sec. 3283. The circuit court of Miller county having, on the first day of April, 1887, by its entry of record, ordered that the sum of one dollar per day be paid by the defendant to the plaintiff, the latter became entitled to an execution, in conformity with said judgment, and for its enforcement. R. S. 1879, secs. 2335, 2739; *Bush v. White*, 85 Mo. 339. (2) The record shows in this case that the defendant was duly served with process, by virtue of which the circuit court of Miller county obtained jurisdiction over him, and under these circumstances the validity of any judgment rendered against him by said court cannot be assailed in a collateral proceeding. *Brackett v. Brackett*, 53 Mo. 265. In the case of *Brackett v. Brackett, supra,* the court say: "If the court possessed jurisdiction, it had the undoubted power to enter final judgment, and any irregularity it committed would enable the party to reverse the judgment on error or appeal, or vacate the same by a direct proceeding, but it would surely not be competent to attack it collaterally." A similar principle is enunciated in the following cases: *Gray v. Bowles*, 74 Mo. 419; Rorer on Judg. Sales, sec. 59; Freeman on Judg., sec. 118; *Chase v. Christianson*, 41 Cal. 253; *Ellis v. Jones*, 51 Mo. 180; *Jeffries v. Wright*, 51 Mo. 215; *Hardin v. Lee*, 51 Mo. 241; *Canon v. Sheldon*, 51 Mo. 436; *Freeman v. Thompson*, 53 Mo. 183; *Paine v. Moreland*, 15 Ohio, 435; *Raley v. Guinn*, 76 Mo. 263, 430. (3) The mere fact that, after the rendition of the judgment for temporary maintenance in favor of the plaintiff and against the defendant by the circuit court

of Miller county, a change of venue was taken in the cause to the circuit court of Callaway county, did not invest the latter court with any power to control said judgment; neither did it divest the former court of its power to control or enforce it.

HALL, J.—The plaintiff and defendant are husband and wife. On the twenty-first day of March, 1887, the plaintiff filed a petition for separate maintenance in the circuit court of Miller county on the ground of abandonment by her husband. Summons was issued on March 22, made returnable to the September term, 1887, of the circuit court, and was served on the defendant on March 28, 1887. The spring term of the circuit court began on the last-named day and on that day the plaintiff filed a motion asking for temporary separate maintenance during the pendency of the proceeding theretofore instituted against the defendant. On the fifth day of said term of the court, viz., on April 1, 1887, the court heard the motion, and ordered that the sum of one dollar per day be paid by the defendant to the plaintiff for her support and maintenance on the fifteenth day of each month, for the month, until further order by the court. On the first day of the September term, 1887, of the circuit court, the defendant made application for a change of venue, which was granted, and the cause was transferred to the circuit court of Callaway county. Afterwards, on the first day of February, 1888, the clerk of the circuit court of Miller county, the defendant having failed to pay the allowance of temporary separate maintenance made by that court, issued an execution against defendant for the amount of such allowance that had accrued from the first of April, 1887, to the first of February, 1888. The defendant filed a motion in said court asking the court to quash said execution. The court refused to entertain the motion, and the matter is here by appeal.

The original proceeding by the plaintiff for separate maintenance was instituted under section 3283, Revised Statutes. In such a proceeding the like process is

required as in other civil suits. R. S., sec. 3288. Until the return day of the summons, therefore, the circuit court had no jurisdiction of the defendant, and was without power to make any order against him. The order made by the court before the return day of the summons was for this reason null and void. A defendant is no more in court before the return day of the summons than if he had not been served with summons. A judgment against a party who has not been brought into court by service of any process is *coram non judice* and void (*Cloud v. Inhabitants of Pierce City*, 86 Mo. 358), and so, too, is a judgment rendered against a party before the return day of the process. The judgment being void, the execution was wrongfully issued by the clerk, and the court below should have quashed it. The motion to quash the execution was properly filed in the Miller circuit court, because the execution issued from that court. "Application to quash a writ must always be presented to the court whence it issued. One court will not entertain a motion to set aside the process of another court." Freeman on Ex., sec. 75; *Mellier v. Bartlett*, 89 Mo. 137.

Judgment reversed and cause remanded. All concur.