## OLINDA SCHULZE, Respondent, v. WALTER SCHULZE, Appellant.

St. Louis Court of Appeals. Opinion Filed May 8, 1923.

1. **DIVORCE: Alimony Pendente Lite: Jurisdiction: Counties Less Than 40,000 Inhabitants: Service: Case Not Triable at Return Term: Court Has Power to Dispose of Motion for Alimony Pendente Lite, etc.** In an action for divorce brought by the wife, where the petition was filed in a county having less than 40,000 inhabitants, and defendant was served with summons less than thirty days before the first day of the term to which the writ was returnable, he being required to appear and plead at such term, but under section 1225, Revised Statutes 1919, the cause was not triable until the next succeeding term thereafter, and on the same day that service of summons was had upon defendant, plaintiff served him with a copy of her motion for alimony *pendente lite*, etc., together with a notice that said motion would be taken up for hear-

Schulze v. Schulze.

ing on the first law day of the return term, and defendant appeared and filed a demurrer to plaintiff's petition before the court had heard and disposed of plaintiff's motion for alimony *pendente lite*, the return day of the writ being passed, and considering also sections 1802 and 1806, Revised Statutes 1919, *held* that the trial court had jurisdiction at the return term to try and dispose of plaintiff's motion for alimony *pendente lite*, even though under the statute the trial of the case on the merits could not be had until the next succeeding term.

2. **HUSBAND AND WIFE:** Wife Entitled to Support: Presumption. The welfare of society demands as one of the duties of the husband that he maintain and support his wife, and the wife will be presumed to be entitled to support until it is shown that her right has been forfeited.

3. **ALIMONY PENDENTE LITE:** Divorce: Circuit Court Has Jurisdiction to Decree Alimony Pendente Lite, etc. Under section 1806, Revised Statutes 1919, the circuit court has jurisdiction to decree alimony *pendente lite* in all cases where the same would be just, during the pendency of the suit, recognizing the fact that the support and maintenance may be necessary from the very inception of the pendency of the action.

4. ——: Suit Money: Attorney's Fees: Allowance Not Excessive. An allowance to the wife of $45 per month alimony *pendente lite*, $75 as suit money and $300 as attorney's fees, *held*, under the evidence, not excessive.

Appeal from the Circuit Court of Lincoln County.—*Hon. Edgar B. Woolfolk*, Judge.

Affirmed.

*Howell & Jackson* for appellant.

(1) The jurisdiction of courts to hear and determine suits for alimony depends upon and is limited by the statute. R. S. 1919, sec. 1802 (R. S. 1909, sec. 2371); Chapman v. Chapman, 192 S. W. 448, 185 S. W. 221; Doyle v. Doyle, 26 Mo. 545; McIntire v. McIntire, 80 Mo. 470; State ex rel. v. Grimm, 239 Mo. 340, Ann. Cases 1913 B, 1188; Sharpe v. Sharpe, 134 Mo. App. 278; Mangels v. Mangels, 6 Mo. App. 481. (2) Under Revised

Statutes 1909, section 1799 (R. S. 1919, sec. 1225), a suit filed February 24, 1920, returnable to the March term, 1920, of court, meeting on the 22nd day of March, 1920, and service had on the defendant on the 25th day of February, 1920, so that there was less than thirty days service prior to the first day of the March term, 1920, of court, was not properly triable in a county having forty thousand inhabitants or less than that number, where said suit was not an action on a bond, bill of exchange, promissory note for the direct payment of money or property, nor on an open account or account stated where the items were set forth in or annexed to the petition, and no judgment should have been entered thereon until the next term. R. S. 1919, sec. 1225 (R. S. 1909, sec. 1799); R. S. 1919, sec. 1184 (R. S. 1909, sec. 1758); McElvain v. Mahoney, 186 S. W. 745; Montz v. Moran, 263 Mo. 252; Miller v. Gordon, 96 Mo. App. 395; Reed Bros. v. Nicholson, 158 Mo. 624. (3) (a) While a motion for monthly support, suit money and attorney's fees pending a suit for divorce, is a cause of action growing out of and auxiliary to the original suit for divorce, nevertheless it is an independent cause of action, and a judgment thereon is a final judgment, for money, and one independent of the main suit. State ex rel. Gercke v. Seddon, 93 Mo. 520; State ex rel. Kranke v. Calhoun, 232 S. W. 1039; Donaldson v. Donaldson, 215 S. W. 904; Dowling v. Dowling, 164 S. W. 643; Libbe v. Libbe, 157 Mo. App. 709; Adams v. Adams, 49 Mo. App. 592. (b) A judgment for alimony *pendente lite,* suit money and attorney's fees is simply a money judgment. Coughlin v. Ehlert, 39 Mo. 285; McMakin v. McMakin, 68 Mo. App. 57; Chapman v. Chapman, 192 S. W. 448. (4) Alimony is not a part of the *res,* i. e., the status of the marriage relation. Ellison v. Martin, 53 Mo. 575; Moss v. Fitch, 212 Mo. 484; Anderson v. Anderson, 55 Mo. App. 268; Hedrix v. Hedrix, 103 Mo. App. 40; Stone v. Stone, 134 Mo. App. 242. (5) It is a condition precedent to the allowance of attorney's fees, that the attorney show that

his client had probable cause for her suit, thus showing that the services were necessary. Waters v. Waters, 49 Mo. 385; Isbell v. Weiss, 60 Mo. App 54; Robertson v. Robertson, 119 S. W. 533; McCloskey v. McCloskey, 68 Mo. App. 199.

*D. E. Killam* and *Pearson & Pearson* for respondent.

(1) The court having jurisdicion of the subject-matter, and being authorized by statute to award alimony *pendente lite,* in all cases where the same would be just, such allowance was properly made, if the court had jurisdiction of the person of the defendant, so as to make and enforce such order against the defendant. R. S. 1919, secs. 1806, 1183, 1184. (2) The defendant having been served with summons fifteen days before the return term of the writ, the court had jurisdiction of his person and could properly make and enforce the order made herein. Moritz v. Moran, 26 Mo. 252; Newton v. Newton, 32 Mo. App. 162; Morick v. Morick, 196 S. W. 1029; 1 Ruling Case Law, p. 911, sec. 59; 60 Am. Dec. 673—note; Willits v. Willits, 76 Neb. 228; 14 Ann. Cases 883; 5 L. R. A. (N. S.) 767; 36 L. R. A. (N. S.) 1001; Hood v. Hood, 130 Ga. 610; Weishaupt v. Weishaupt, 27 Wis. 621; Ex Parte Joutsen, 154 Cal. 540; Hamilton v. Hamilton, 129 Iowa, 628. (3) Defendant having filed a general demurrer on the first day of the term entered his appearance and waived any objections to the jurisdiction of the court to make the order herein. Walsh v. Pulitzer, 183 S. W. 587; Buch v. Block, 193 Mo. App. 704. (4) The allowance of alimony *pendente lite,* suit money and attorney's fees was in the sound discretion of the court, and unless there was an abuse of discretion, same will be affirmed on appeal. Stark v. Stark, 115 Mo. App. 436; Scism v. Scism, 184 Mo. App. 543; Fullhart v. Fullhart, 109 Mo. App. 705; Libbe v. Libbe, 157 Mo. App. 701; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216. (5) The power of the court to order

and enforce an allowance for temporary alimony, suit money and attorney's fees was not dependent upon the merits of the issue. Plaintiff need only make a prima-facie showing. Libbe v. Libbe, 166 Mo. App. 247; State ex rel. v. Seddon, 93 Mo 520; Steele v. Steele, 85 Mo. App. 224; Brindley v. Brindley, 121 Ala. 429; Kowalsky v. Kowalsky, 145 Cal. 394; Daniels v. Daniels, 9 Colo. 133; Coley v. Coley, 128 Ga. 654; Cooper v. Cooper, 185 Ill. 163; McFarland v. McFarland, 51 Iowa, 565; Reed v. Reed, 85 Miss. 126; Suydam v. Suydam, 79 N. J. Eq. 144; Messervy v. Messervy, 80 S. C. 447; 1 Ruling Case Law, page 897, par. 42.

BECKER, J.—This is an appeal from a judgment of the circuit court of Lincoln county, Missouri, which county admittedly has less than forty thousand inhabitants (see section 1225, Revised Statutes, 1919), upon plaintiff's motion for alimony *pendente lite,* suit money and attorney's fees pending a suit for divorce by plaintiff against defendant in said court.

It is conceded that plaintiff filed her petition for divorce on the 24th day of February, 1920, and that summons on said petition was duly issued, returnable to the March, 1920, term of the circuit court of Lincoln county. The service of the summons was had upon defendant on February 25, 1920, admittedly less than thirty days before the first day of the March term, 1920, of said court, at which term, under the statute, the defendant was required to appear and file a demurrer or answer to plaintiff's petition, but under section 1225, Revised Statutes 1919, the cause was not triable until the next succeeding term thereafter, namely, September term, 1920.

On the same day that service of summons was had upon the defendant, plaintiff served him with a copy of her motion for alimony *pendente lite,* suit money and attorney's fees, together with a notice that said motion would be taken up for hearing on the first law day of the March, 1920, term of court or as soon thereafter as she could be heard.

The defendant below filed a demurrer to plaintiff's petition on the 22nd day of March, 1920, being the first day of said term.

The trial court set plaintiff's motion for alimony *pendente lite* for hearing on the 30th day of March, 1920, whereupon defendant filed a plea in abatement thereto, which recited that defendant appeared for that purpose only, alleging as ground for abatement of the action that said motion was not triable at the March, 1920, term of court for the reason that defendant had not been served with process and summons thirty days before the first day of the term at which he was required to appear, as required by law, and that, therefore, the court was without jurisdiction to hear and determine the said motion at its March, 1920, term. The court after a hearing over-ruled defendant's plea in abatement to which the defendant duly excepted and in due course filed his term bill of exceptions.

Thereafter, on the 8th day of June, 1920, at and during the March, 1920, term of court, the plaintiff's said motion for alimony *pendente lite* was heard by the court over the objection of the defendant that said motion was not triable for the same reasons that defendant had set up in his plea to abate. Counsel for defendant on the hearing of said motion participated therein and when plaintiff was on the stand and had been asked the question as to what property her husband, the defendant, had, counsel for defendant stated, "if the court please, to save time and expense, it will be admitted that the defendant is able to pay a reasonable allowance on this motion. We make this admission with the understanding that we are not waiving our rights under our plea in abatement and are not consenting or entering appearance for the trial and determination of this motion at this term of court." Upon the conclusion of the hearing the court ordered the defendant to pay to the plaintiff the sum of $45 monthly beginning as of the 22nd day of March, 1920, and to pay plaintiff the sum of $75 as suit

money and the sum of $300 as attorney's fees. Defendant, after unavailing motions for new trial and in arrest of judgment, appeals.

The question presented for our determination is whether the trial court had jurisdiction to enter a judgment for alimony *pendente lite,* suit money, and attorney's fees in an action for divorce at the return term where the petition was filed in a county having less than forty thousand inhabitants, and where the defendant had been served with a summons less than thirty days before the first day of the term to which the writ was returnable but the action not triable until the next succeeding term thereafter.

Section 1802, Revised Statutes 1919, covering jurisdiction in cases of alimony and divorce, provides that "the circuit court shall have jurisdiction in all cases of divorce and alimony or maintenance; and all such cases shall be tried by the court and like process and proceedings shall be had in such causes as are had in other civil suits, except the answer of the defendant shall not be under oath."

Section 1806, Revised Statutes 1919, among other things specifically provides that "the court may decree alimony pending suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases."

It is conceded under the facts in the case before us that the trial court had jurisdiction of the subject-matter, and we are clear in our view that the trial court had jurisdiction over the person of the defendant in that plaintiff had not alone filed her petiion in the court below but the return day of the writ had passed and the defendant in fact had filed a demurrer to plaintiff's petition before the court heard and disposed of plaintiff's motion for alimony *pendente lite.* [Davison v. Hough, 165 Mo. l. c. 572, 65 S. W. l. c. 731; Newton v. Newton, 32 Mo. App. 162.]

Since under the statute of our State the circuit court may decree "alimony pending suit for divorce" in all cases where the same would be just, we are of the opinion and rule that the trial court under the facts in this case had jurisdiction at the return term to try and dispose of plaintiff's motion for alimony *pendente lite* even though under the statute the trial of the case on the merits could not be had until the next succeeding term.

The welfare of society demands as one of the duties of the husband that he maintain and support his wife, and the wife will be presumed to be entitled to support until it is shown that her right has been forfeited. Our Supreme Court ruled in State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S. W. 342, that "the power of the court to order and enforce an allowance for alimony *pendente lite* although an adjunct in the action for divorce, is an independent proceeding standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. It grows, *ex necessitate rei*, out of the relations between the parties to the controversy, and has nothing to do with the merits of that controversy."

As we read section 1806, Revised Statutes 1919, it is clearly intended by the Legislature thereby to grant the circuit court jurisdiction to decree alimony *pendente lite* in all cases where the same would be just, during the pendency of the suit, recognizing the fact that support and maintenance may be necessary from the very inception of the pendency of the action. We find nothing therein, or in any case that has been called to our attention, which indicates that an order for temporary support and maintenance may not be made by the court at any time thereafter the return day of the writ, when it has jurisdiction of the subject matter, and of the person. To hold otherwise would often, as in the instant case, deprive the wife of the absolute necessities of life for herself and the children born of the marriage for a long period (in this case from February to September) and

would in effect deprive her of rights flowing to her by reason of her marriage, as well as deprive her of an opportunity to have her petition for divorce heard in court.

Holding as we do that the trial court had jurisdiction to hear and determine plaintiff's motion for alimony *pendente lite* at the return term, and being satisfied that the amount allowed by the learned trial court was not excessive, the judgment should be affirmed. It is so ordered. *Allen, P. J.,* and *Daues, J.,* concur.