ALICE B. RATHKE, RESPONDENT, v. RHINEHOLD RATHKE, APPELLANT. —118 S. W. (2d) 77.

Kansas City Court of Appeals, June 13, 1938.

*Gibson & Teel,* for respondent.

*J. B. Journey* for appellant.

BLAND, J.—This is a suit for divorce. It was commenced in the Circuit Court of Vernon County on the 6th day of July, 1937. It was returnable to the October, 1937, Term of said court, which term commenced on the 4th day of October, 1937.

On the first day of the October, 1937, Term, defendant appeared and filed an answer, cross-bill and an application for a change of venue. This application was sustained and the cause was sent to the Circuit Court of Bates County. The papers were received by the Clerk of that court on the 6th day of October, 1937. The regular October, 1937, Term of the Bates County Circuit Court commenced on the 11th day of October, 1937. On the first day of the term of the Bates County Circuit Court, plaintiff filed a motion for alimony *pendente lite.* The motion was tried and determined in plaintiff's favor on the 12th day of October, 1937.

On October 15, 1937, defendant filed his affidavit for appeal and, on that day, an appeal was granted to this court.

On the 11th day of February, 1938, the cause was tried on its merits, and plaintiff was granted a decree of divorce.

Defendant insists that neither the cause, nor any branch thereof, was returnable to the October, 1937, Term of the Bates County Circuit Court, because the order granting the change of venue was not made in the Circuit Court of Vernon County, nor the transcript received in the Bates County Circuit Court, ten days before the convening of said October Term, and that the court had no jurisdiction

to entertain the motion for alimony pending the suit and to enter judgment thereon. In support of this contention defendant cites section 915, Revised Statutes 1929, relating to changes of venue, and reading as follows: ''The clerk of the court to which such cause is certified shall file the same, and the cause shall be docketed, proceeded in and determined as if it had originated therein: *Provided*, that in all cases where the transcript and papers in the cause shall be filed with the clerk of the court, to which the cause is certified, ten days before the next ensuing term of court, the cause shall be triable at such term.''

When the order was made by the Circuit Court of Vernon County, changing the venue of the cause to the Circuit Court of Bates County, its effect and operation was to confer jurisdiction over the subject matter on the Bates County Circuit Court. This jurisdiction was conferred as soon as the order was made but the Bates County Circuit Court did not become possessed of the action until the papers were filed in that court. [Henderson et al. v. Henderson et al., 55 Mo. 534, 544; State v. Daniels, 66 Mo. 192, 207.] Consequently, the Circuit Court of Bates County had jurisdiction of the cause at the time the motion for temporary alimony was filed and determined in that court.

The purpose of the proviso of section 915 is to fix the time when a cause transferred by a change of venue is triable by the court to which it is so transferred. In other words, in this case, a trial of the cause on its merits could not have been had until the next succeeding term of the Bates County Circuit Court, after the October Term, without the consent of the parties, in view of the fact that the transcript and the papers in the cause were not filed with the clerk of the Bates Circuit Court ten days before the October Term, being the next ensuing term of that court. [Davis v. Robinson, 126 Mo. App. 293.]

However, under the provisions of section 1355, relating to alimony and maintenance, the Circuit Court of Bates County, having jurisdiction and possession of the cause, and jurisdiction of the parties, was authorized to decree alimony *pendente lite* when it did so, although it could not have tried the divorce case upon its merits at that time without their consent. [Schulze v. Schulze, 251 S. W. 117.]

Under the heading ''Assignment of Errors'' defendant states: even if the court did have jurisdiction to hear and entertain the motion for alimony there was not sufficient testimony to authorize the court to find for the plaintiff on the motion.'' Under ''Points and Authorities'' defendant states: ''There was not sufficient testimony offered on the motion for alimony pending the suit to authorize the finding and judgment entered by the court on the motion. The burden of proof was on the plaintiff to show to the court that she had not suf-

ficient property in her own right to conduct the suit.'' Nowhere else in the brief are these matters mentioned. Defendant's statement is confined exclusively to the question of the alleged lack of jurisdiction of the Bates County Circuit Court. The same is true as to what is contained in that part of defendant's brief devoted to the argument of the case.

It is apparent that defendant has failed to present a proper statement of the case in so far as the point as to the alleged insufficiency of the evidence is concerned. In addition to this, it is well established that a mere general statement of a point, made under the heading of assignment of errors or points and authorities, which is nowhere developed in the brief, is insufficient to present any matter for review. [Hunt v. Hunt, 270 S. W. 365; Mason v. Wilke, 288 S. W. 936. See, also, rules 15, 16, and 17 of this court.]

The judgment is affirmed. All concur.