**Shirley WILLIAMS, (Plaintiff) Appellant,**

v.

**Maple J. WILLIAMS, (Defendant) Respondent.**

*No. 30834.*

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

R. P. Smith, Cape Girardeau, for appellant.

Jackson & Thomasson, F. L. Jackson, Cape Girardeau, for respondent.

RUDDY, Judge.

This is an appeal from an order of the Cape Girardeau Court of Common Pleas denying plaintiff's (appellant's) motion for

temporary allowances pending a final hearing on her petition for divorce.

Plaintiff filed her petition for divorce on December 5, 1960. On December 7, 1960, the defendant, husband, was served with a Summons and a copy of the Petition for Divorce.

On December 20, 1960, plaintiff filed a motion in which she asked for allowances pendente lite. This motion was presented to the court for hearing by the plaintiff on December 29, 1960. On the last-mentioned date the trial court overruled the motion on the following ground: " * * * it appears that the defendant was not served until December 7, 1960, and that thirty days have not elapsed since service on defendant." Within two days thereafter plaintiff appealed from the order of the trial court overruling her motion for allowances pendente lite.

Following her appeal from the aforesaid order of the trial court, plaintiff called for a hearing on her petition for divorce. The cause was heard on the merits and plaintiff was granted a decree of divorce.

Plaintiff in her brief states that, "This appeal is presented for the sole purpose of clarifying the law of Missouri on the question of when an injured wife may first obtain relief of a temporary nature in a divorce suit."

Plaintiff says there are only two decisions in Missouri touching on the question she wishes to present, citing Schulze v. Schulze, 212 Mo.App. 75, 251 S.W. 117, decided by this court, and State ex rel. Childers v. Kirby et al., Mo.App., 256 S.W. 546, decided by the Springfield Court of Appeals. Plaintiff contends that in the Schulze case we held that a motion for allowances pendente lite could be presented and an order for allowances made under the motion before the return day of the summons and that in the Childers case it was held that the motion for allowances pendente lite could not be heard and ruled on by the trial court before the return day of the summons.

Thus, she says, a conflict exists and asks us to resolve it. Assuming, without holding, a conflict does exist, no opinion of ours would settle the law in this state. Only if we certified the question to the Supreme Court for final determination would the alleged conflict be resolved.

The Childers case does hold that the trial court did not have jurisdiction to hear and determine a motion for temporary alimony filed by the wife in a divorce suit before the return day of the summons served on the husband, defendant. In the Schulze case we held that the trial court had jurisdiction to hear and determine plaintiff's motion for allowances pendente lite, after pointing out that defendant had filed a demurrer to plaintiff's petition, before the trial court heard and disposed of plaintiff's motion for alimony pendente lite. Also, pointing out that the motion was heard after the first day of the term at which the defendant was required to appear and file an answer or demurrer to plaintiff's petition, even though the cause was not triable until the next succeeding term. We said in the Schulze case that: "We find nothing therein, or in any case that has been called to our attention, which indicates that an order for temporary support and maintenance may not be made by the court at any time after the return day of the writ, when it has jurisdiction of the subject-matter, and of the person." 251 S.W. loc. cit. 119.

We find it unnecessary to determine whether conflict exists between the two cases because there is no need to determine the correctness of the trial court's action, for the obvious reason, that if plaintiff is correct in asserting the trial court erred in holding it had no jurisdiction to hear her motion for allowances pendente lite, any ruling or order by this court could not be carried into effect. We have no obligation to render an advisory opinion based upon what is now a mere hypothetical situation. Harris v. Consolidated School Dist. No. 8C, Dunklin Co., Mo., 328 S.W.2d 646.

While it is true that a motion or application for alimony pendente lite, including suit money and attorneys fees, as authorized by our statute, Section 452.070 RSMo 1959, V.A.M.S., is a separate and distinct proceeding from the divorce case, it is, nevertheless, incidental to the main divorce action. State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S.W. 342; Kaye v. Kaye, Mo.App., 327 S.W.2d 496; Gross v. Gross, Mo.App., 319 S.W.2d 880; Price v. Price, Mo.App., 281 S.W.2d 307; Libbe v. Libbe, 166 Mo.App. 240, 148 S.W. 460.

So long as the divorce suit is pending the wife under proper circumstances is entitled to alimony and suit money and the court is empowered to decree these allowances "pending the suit for divorce;" § 452.070, supra, but such power may only be exercised during the pendency of the divorce suit. Coons v. Coons, Mo.App., 236 S.W. 364; Creasey v. Creasey, 175 Mo.App. 237, 157 S.W. 862. As early as the case of Adams v. Adams, 49 Mo.App. 592, we ruled that after the divorce cause has been heard on the merits and ended, no award for alimony pendente lite can be made for then the jurisdiction of the court is determined.

In the case of Beckler v. Beckler, 227 Mo. App. 761, 57 S.W.2d 687, the court upheld the contention of appellant that the trial court had no right, power or jurisdiction to hear, try or determine an application for attorneys' fee and suit money or to render any judgment on said motion in favor of the movant after granting a decree of divorce.

Again, in the case of Schenberg v. Schenberg, Mo.App., 307 S.W.2d 697, we ruled that when jurisdiction over the principal case is lost, there is nothing to which jurisdiction to make pendente lite allowances can attach. In that case we said:

"Temporary allowances *pendente lite* cannot be made after final decree or dismissal, either in suits for separate maintenance, Smith v. Smith, Mo.App., 176 S.W.2d 647, or divorce cases. Beckler v. Beckler, 227 Mo.App. 761, 57 S.W.2d 687; Coons v. Coons, Mo.App., 236 S.W. 364; Creasey v. Creasey, 175 Mo.App. 237, 157 S.W. 862; Lawlor v. Lawlor, 76 Mo.App. 293; Watkins v. Watkins, 66 Mo.App. 468; Friedman v. Friedman, 132 Okl. 45, 269 P. 257; Hengen v. Hengen, 85 Or. 155, 166 P. 525; Wald v. Wald, 124 Iowa 183, 99 N.W. 720; 27 C.J.S. Divorce § 207 e.* The reason is that the action is no longer pending and the court has no further jurisdiction of the parties or of the subject-matter after the case is decided on the merits." 307 S.W.2d loc. cit. 700.

There can be no doubt about the finality of the decree of divorce granted plaintiff in the instant case; therefore, the jurisdiction of the court over the principal case has been lost. Schenberg v. Schenberg, supra.

Again we say, assuming without ruling, that if the trial court erred in refusing to hear and rule on plaintiff's motion for pendente lite allowances, any judgment rendered now by this court could not be carried into effect.

We said in State of Missouri ex rel. Dyer v. Union Electric Company et al., Mo. App., 312 S.W.2d 151, loc. cit. 155:

"Where the right sought to be enforced has become a mere abstract right, the enforcement of which by reason of some change of circumstances since the commencement of the suit can be of no substantial or practical benefit to relators, the relief sought will not be awarded and this is true even though relators would be entitled to the relief sought if the issues involved had not become moot. 55 C.J.S. Mandamus § 55, p. 96."

If the trial court erred in the respects complained of by plaintiff, any order of this

---

* See 27A C.J.S. Divorce § 207b(5).

court would be ineffective for the reason that the trial court has lost jurisdiction of the main cause and, therefore, would have no jurisdiction to enter any judgment on plaintiff's motion for pendente lite allowances.

The granting of the decree of divorce makes it unnecessary for this court to decide the question presented by plaintiff on her appeal. The relief sought by plaintiff cannot be granted.

The fact that the cause has become moot pending the appeal is of no consequence. As we said in Hribernik v. Reorganized School District R–3, Mo.App., 276 S.W.2d 596, 598, it is just as much moot as if the suit had been moot from the beginning.

For the reasons stated, the relief sought by plaintiff cannot be granted. The appeal should be dismissed. It is so ordered.

ANDERSON, P. J., and WOLFE, J., concur.