William Larry BROWN, Petitioner-Appellant,

v.

Josephine Ann BROWN, Respondent-Respondent.

No. 50815.

Missouri Court of Appeals, Eastern District. Division Two.

Jan. 20, 1987.

Rex M. Burlison, O'Fallon, for petitioner-appellant.

Chester Hayes, Florissant, for respondent-respondent.

REINHARD, Judge.

Husband brought this appeal after his application for change of judge was overruled and judgment was rendered in favor of respondent on her motion for temporary maintenance and orders pendente lite. The sole issue confronting us is whether the trial judge erred in failing to disqualify herself. We believe she did and reverse and remand the judgment entered on respondent's motion for orders pendente lite.

The pertinent procedural facts can be succinctly stated. Husband filed a petition for dissolution on May 25, 1985. On June 11, wife filed an answer along with motions for temporary maintenance and orders pendente lite. On August 22, 1985, the court set wife's motions pendente lite for hearing on September 13, 1985, in Division One of

the Circuit Court of St. Louis County. On August 26, 1985, husband filed a written application for change of Judge from Division One pursuant to Rule 51.05,[1] and sent a copy of the application to wife's attorney. The trial court overruled the application on the same day, and proceeded to hear wife's motions pendente lite on September 13. The court sustained wife's motions and issued orders regarding temporary maintenance, child support, and custody of the parties' minor child.

We agree with husband's contention that the trial court erred in failing to order a change of judge upon the filing of husband's application pursuant to Rule 51.05. The pertinent sections of that Rule provide:

> (a) A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change of judge and need not be verified.

> (b) The application must be filed at least thirty days before the trial date or within five days after a trial setting date has been made, whichever date is later, unless the trial judge has not been designated within that time, in which event the application may be filed within ten days after the trial judge has been designated or at any time prior to trial, whichever date is earlier.

> \*     \*     \*     \*     \*     \*

At the time of husband's application for change of judge, no trial date had been set for the dissolution petition, which is the civil action husband's application pertained to. Therefore, husband's application was timely as to the dissolution action.[2] As was noted in *West v. Moran,* 586 S.W.2d 68, 70 (Mo.App.1979), "the trial judge has no discretion but to grant the timely request [for change of judge] except to rule on pre-trial motions which have already been submitted to the judge." The pendente lite proceeding had not been submitted to the trial judge at the time husband filed his application.[3] The trial court therefore exceeded its jurisdiction by rendering judgment on wife's pendente lite motions, and that judgment was a nullity. *State ex rel. Carver v. Whipple,* 608 S.W.2d 410, 412 (Mo. banc 1980).

We reverse the judgment and remand the cause with instructions to comply with Rule 51.05(e).

SMITH, P.J., and DOWD, J., concur.

---

1. The application stated: "Comes now the Petitioner and under Rule 51.05 ... requests a change of judge from Division # 1 in the above-named cause."

2. Wife concedes in her brief that:
   The request for change of judge was certainly an attempt to disqualify Division One from hearing the Motion Pendente Lite as well as the Dissolution of Marriage case. And with the request for change of judge having been filed prior to the dissolution trial setting, certainly Division One has no jurisdiction to proceed in the dissolution hearing.

3. While a motion pendente lite is a separate and distinct proceeding it is nevertheless adjunct and incidental to the underlying dissolution action. *See Williams v. Williams,* 349 S.W.2d 422, 424 (Mo.App.1961). Thus, although a proceeding on a motion pendente lite leads to a judgment which is final for the purpose of appeal and does not depend upon the merits of the dissolution action, the motion pendente lite cannot exist without the underlying dissolution litigation. *See Nilges v. Nilges,* 610 S.W.2d 58, 62 (Mo.App.1980); *Williams,* 349 S.W.2d at 424.