RICHARD LEWIS, Respondent, v. FANNIE LEWIS, Appellant.

### Kansas City Court of Appeals, February 8, 1886.

ALIMONY—JURISDICTION—CASE ADJUDGED.—Where the husband was decreed a divorce, and pending the appeal to the supreme court, application was made in that court for alimony *pendente lite*, which was overruled ; and defendant again filed motion in the circuit court, asking the allowance, which was again overruled, from which she again appealed to the supreme court, from whence it comes here by due course of law. *Held*, that this court feels bound by the action of the supreme court in denying the application, and that there was no authority in the circuit court, after appeal granted and perfected, and while the cause is pending in the appellate court, to make such allowance.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

The case is stated in the opinion of the court.

R. M. ROBERTSON, S. P. SPARKS, for the appellant.

I. The right to alimony begins at the time suit is brought and remains with it until its final termination. Sect. 2179, Rev. Stat.

II. The admitted facts show that defendant is in

destitute circumstances, and has been since the commencement of this divorce suit, and has had to ask assistance from the public to keep herself and child from suffering, and that plaintiff owns sufficient property from which to make a just allowance to defendant, who is as much entitled to it during appeal as while suit was pending in the circuit court. Bishop on Marriage and Divorce, sects. 569, 576; 14 Michigan, 463; 4 Jacob Fisher's Div. 6331, 6338; *Amos v. Amos*, 3 Greenl., ch. 171; *Clarkson v. Clarkson, ante*, p. 94.

O. L. HOUTS, for the respondent.

I. This is not a final judgment from which an appeal lies. After appeal granted to supreme court the trial court had no jurisdiction.

II. When the marriage relation was dissolved, the obligations of the husband ceased.

III. The trial court held that such an allowance would not be *just* in this case. This court will not disregard the finding of that court.

IV. Cases cited by appellant are where the application was filed in the appellate court, pending the appeal, and not in the trial court, are not in line.

V. The supreme court denied the application in this case, and its action must control.

PHILIPS, P. J.—This is an application for alimony *pendente lite*. This application presents some singular features. The plaintiff husband was decreed a divorce by the circuit court, on the grounds of indignities offered the husband by the wife, and the pregnancy of the wife before marriage. From this decree the wife appealed to the supreme court. While the cause was so pending on appeal she made application to the supreme court for alimony *pendente lite*. After elaborate argument on this application, it was overruled by the supreme court. This result is simply indorsed on the back of the motion: "Per Curium.—Overruled."

Thereupon it seems the appellant filed her motion in

the circuit court asking for this alimony. It was again overruled, and from this judgment she again appealed to the supreme court. Before the case was reached there it was transferred to this court, pursuant to the provisions of the recent amendment of the constitution organizing this court.

We feel bound by the action of the supreme court in denying this application. We know of no authority in the circuit court, after appeal granted and perfected, and while the cause is pending in the appellate court, to make such allowance.

After the appeal, the circuit court had no such jurisdiction. The appeal is without merit, and the judgment of the circuit court is affirmed. All concur.