Creasey v. Creasey.

---

MASON CREASEY, Appellant, v. CARRIE B. CREASEY, Respondent.

St. Louis Court of Appeals. Argued and Submitted May 6, 1913. Opinion Filed June 3, 1913.

1. **DIVORCE: Statutory Proceeding.** In this State, divorce with its incidents is entirely a statutory proceeding.

2. ———: **Alimony Pendente Lite: Final Decree Vacates Interlocutory Orders.** The provision in Sec. 2375, R. S. 1909, that "the court may decree alimony pending the suit for divorce," authorizes an allowance only until the matter of alimony is determined by the final decree in the cause, and when a decree of divorce is rendered in favor of the wife and alimony awarded her, all orders providing for the payment of temporary alimony, in so far as concerns further payments under them, are vacated.

3. ———: ———: Allowance Pending Appeal. Under Sec. 2375, R. S. 1909, it is within the power of the circuit court, by final decree or by an amendment, to decree alimony payable in gross, in installments, from month to month, or otherwise, and, in case of appeal, such court has the sole power, by the final decree, or along with the granting of the appeal, to provide for the payment of suit money, counsel fees, and alimony pending the appeal.

4. APPELLATE PRACTICE: Supersedeas: Effect on Judgment: Divorce. An appeal, with a *supersedeas* bond, from a decree dismissing plaintiff's divorce suit and awarding defendant a divorce on her answer, with alimony in gross, does not set aside the decree, but merely suspends its operation and enforcement.

Appeal from Pike Circuit Court.—*Hon. B. H. Dyer,* Judge.

REVERSED.

*Fry & Rodgers* and *Barclay, Fauntleroy, Cullen & Orthwein* for appellant.

(1) A judgment in an action for divorce on the merits supersedes an order for alimony *pendente lite.* Wood v. Wood, 7 Lansing, 205; Langan v. Langan, 91 Cal. 654; Driver v. Driver, 21 S. E. 154; Heilborn v. Heilborn, 158 Pa. St. 297; In re Fanning, 41 N. W. 1076; Mancrief v. Mancrief, 15 Abb. Pr. 187; Curtis v. Curtis, 49 Atl. 769; In re Ambrose, 14 Pac. 33. (2) The final judgment rendered by the court in the divorce case was a judgment upon the same rights of the same parties relating to the same subject-matter and was later in point of time and will therefore prevail; of two conflicting judgments, that which is later in time will prevail. Bateman v. Railroad, 96 Mich. 441; Stoltz v. Coward, 10 Tex. Civ. App. 295; Cooley v. Brayton, 16 Iowa, 10; First Freeman on Judgments, sec. 332. (3) The order granting alimony *pendente lite* is like a temporary injunction which comes to an end upon the entry of a final decree and a formal order vacating it is not required. Sweeney v. Hanly,

126 Fed. 99; Gardner v. Gardner, 87 N. Y. 14; Mining
Co. v. Redmond Min. Co., 5 Sowy. 121 Fed. Cas., No.
4549; Buffington v. Haney, 95 U. S. 99; 10 Ency. Pl.
and Pr., 1029.

*Clarence A. Barnes* and *D. A. Murphy* for respond-
ent.

(1)    Respondent advances as her first proposi-
tion, that being without money herself and means of
support, she is entitled to live on that social plane to
which the appellant accustomed her by virtue of his
marriage, and according to his means, and to have
that support not merely during the trial of the case in
the *nisi prius* court, but from the beginning to the de-
cree of $40 per month alimony, until otherwise ordered
by the court; for the statute especially provides that
the court may decree alimony pending the suit for di-
vorce, and may make such modifications therein from
time to time as the fact warrants, and the phrase in
the decree for alimony pending the suit or "until oth-
erwise ordered by the court" was an expressed recog-
nition of statutory duties, limitation and authority, and
was intended to prevent the wife from becoming a pub-
lic charge, so long as the litigation, instituted by ap-
pellant, should be continued by him.   R. S. 1909, sec.
2375; Bishop on Marriage and Divorce, sec. 384 and
387; Dawson v. Dawson, 37 Mo. App. 207; McBride v.
McBride, 119 N. Y. 519.    (2)    A decree for alimony
pending litigation is an adjunct of the action for di-
vorce, and as such an independent proceeding stand-
ing upon its own bottom.   State ex rel. v. Seddon, 93
Mo. 520; State ex rel. v. Court, 99 Mo. 222; Lawlor v.
Lawlor, 76 Mo. App. 294; Adams v. Adams, 49 Mo.
App. 596 and 597; Steele v. Steele, 85 Mo. App. 224.

REYNOLDS, P. J.—Pending the determination
of a suit for divorce between these parties, in which
suit the wife, defendant, had filed an answer in the

nature of a cross-bill, the circuit court of Pike county, in which the action was pending on change of venue from the Audrain Circuit Court, the court on the 4th of March, 1911, entered up the following order, properly entitled in the cause: "Now at this day come the parties herein by their respective attorneys, and the motion for alimony, attorney fees and suit money filed herein by the defendant coming on to be heard and being seen, heard and duly submitted, is by order of court sustained and it is ordered by the court that plaintiff pay to defendant the sum of $150 attorneys' fees and the further sum of forty dollars per month alimony the first installment due and payable this day and further installments due and payable on the fourth day of each succeeding month until otherwise ordered by the court and it is further ordered and adjudged by the court that the defendant have and recover of and from the plaintiff all costs and charges in and about this motion laid out and expended and may have execution therefor."

The husband (plaintiff) complied with the order of the court and paid the first installment of forty dollars on March 4, 1911, but failed to pay the second and third installments of the alimony until an execution was issued and placed in the hands of the sheriff of Audrain county, the county of the residence of the plaintiff, under which levies were made and the execution satisfied. Not paying the fourth installment, due on the 4th of June, 1911, or any installment since that time, execution was issued for the June installment. The plaintiff thereupon filed his motion in the circuit court of Pike county to quash it. After hearing the testimony introduced by plaintiff and the defendant, the court declined to quash the execution. From an order to that effect plaintiff has duly perfected his appeal to this court.

The ground of refusal to pay this installment, due in June, 1911, and the ground upon which the motion to

quash the execution is based, is, that after the entry of the order of March 4, 1911, for the payment of further alimony *pendente lite,* judgment had been entered in the divorce suit, awarding the defendant alimony in gross and that by force of this decree, the order for payment of monthly alimony pending the suit was no longer operative.

The divorce case itself came on for hearing in the circuit court of Pike county and about March 12th was tried on the merits. On March 16, 1911, a decree was entered against the plaintiff, dismissing his suit and awarding the defendant a divorce on her answer. The decree further adjudged that defendant "have and recover from [plaintiff] as and for alimony in gross the sum of $2500 and for additional attorneys' fee the further sum of $100, and that she have and recover her costs in this behalf expended and that she have execution therefor." The plaintiff duly perfected his appeal from this decree, executing an appeal bond, duly approved by the circuit court. Afterwards, the divorce case coming on for hearing before our court, a decree was entered here reversing the judgment of the circuit court *in toto,* and remanding the cause, "with directions to the circuit court to enter its judgment that the plaintiff take nothing by his petition and that the defendant take nothing by her answer, the defendant, however, to have and recover her costs in that behalf expended, the matter of an allowance to defendant for attorneys' fees for services here and in the circuit court" being remitted to the circuit court. This judgment of reversal was entered by our court on the 12th of November, 1912. [See Creasy v. Creasy, 168 Mo. App. 68, 151 S. W. 219.]

Divorce, with its incidents, is, in our State, entirely a statutory proceeding. It is provided by section 2375, Revised Statutes 1909, that "When a di-

175 Mo. App. 16

vorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, . . . as, from the circumstances of the parties and the nature of the case, shall be reasonable, and when the wife is plaintiff, may order the defendant to give security for such alimony and maintenance," subject, however, to the right of the circuit court, when a decree of divorce has been granted and is in force, to "make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper." That same section also provides: "The court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases."

We have no decision in our State which directly covers the point here in issue, but on consideration, have concluded that this last part of the section quoted is intended to apply, and can only apply, to the allowance of alimony until the matter of alimony is determined by the final decree in the cause in the circuit court. When, therefore, a decree is rendered in favor of the wife, whether plaintiff or defendant, and alimony in gross allowed, we hold that that is not only a determination of the cause so that it is no longer said to be pending in the trial court, but that its effect is to vacate prior orders for alimony, in so far as concerns payment under them after the entry of the final decree; that the final decree vacated what, in effect, are interlocutory orders, the whole matter of alimony being concluded by the final decree, subject to this, however, that after the rendition of the final decree, that decree not set aside, and not under appeal, it is within the power of the trial court to make such alterations as to alimony as may be proper, it being within the power of that court, in the final decree, or by amend-

ment, to decree alimony payable in gross or in install-
ments or from month to month or otherwise. It is also
within the power of the trial court, in and by the final
decree, in case of an appeal, to provide for the pay-
ment of suit money, counsel fees and alimony pending
and covering the appeal. But this must be done in
and by the final decree, or along with the granting of
an appeal, if an appeal is taken. That it is within the
power of the circuit court, and solely within its power
so to do, is clearly settled by the decisions of our Su-
preme Court and of the Courts of Appeals. [See State
ex rel. Clarkson v. St. Louis Court of Appeals, 88 Mo.
135; State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S. W.
342; State ex rel. Dawson v. St. Louis Court of Ap-
peals, 99 Mo. 216 (cited as State ex rel. Dawson v. Rom-
bauer et al., Judges, 12 S. W. 661); Dawson v. Daw-
son, 37 Mo. App. 207; Rosenfeld v. Rosenfeld, 63 Mo.
App. 411; Lawlor v. Lawlor, 76 Mo. App. 293, and other
cases following.]

Prior to the decision in State ex rel. Clarkson
v. St. Louis Court of Appeals, supra, our court had
held that it was within our power to allow alimony,
counsel fees and suit money after a cause had come
to this court on appeal, but since the decision in that
case the unquestioned rule in our State is, that it is
within the power of the trial court alone to provide
for alimony, counsel fees and maintenance, pending the
appeal.

In Watkins v. Watkins, 66 Mo. App. 468, it is held
that the circuit court, after dismissing plaintiff's pe-
tition in a divorce proceeding, has no jurisdiction pend-
ing a motion for new trial and before application for
an appeal is made, to allow the plaintiff alimony to
prosecute an appeal. The effect of this is that unless
an appeal is prosecuted from a final decree dismissing
the action, there is nothing pending in the trial court
on which to found an order for further payment of ali-
mony or suit money.

A case decided in one of the districts of the Supreme Court of New York, that of Wood v. Wood, 7 Lansing (N. Y.), 204, states what we hold to be the law of the case so concisely that we feel warranted in quoting it at some length. There judgment was rendered and entered in favor of the defendant in November, 1871. An appeal was taken by the husband, plaintiff, from this judgment in January, 1872, but withdrawn in the succeeding July. There had been an order made in the action for alimony in favor of the defendant, *pendente lite*. The plaintiff paid this alimony until the entry of the final judgment in November, 1871. After the withdrawal of the appeal, the defendant moved for an order to compel the plaintiff to pay alimony up to the time of the discontinuance of the action, that is, withdrawal of the appeal, and from an order to that effect made by the trial court, the plaintiff appealed. Under these facts the appellate court held that the order appealed from was erroneous. "The order for temporary alimony was superseded by the judgment. That is the rule in respect to all orders made upon interlocutory applications. . . . The judgment concludes the parties on the subject of alimony, as well as other matters involved in the suit. If the husband ought to pay future alimony, a clause to that effect should be inserted in the judgment. If the judgment contain no such direction, and reasons exist for the continuance of temporary alimony pending an appeal from the judgment, a fresh application in some form should be made. . . . For the present it is sufficient to say that an interlocutory order for the payment of temporary alimony is not operative after judgment." The order of the trial court allowing it consequently was reversed. Our own statutes upon divorce, and alimony are so closely bottomed on those of New York, in as far as the point here before us is concerned, that we feel no hesitation in accepting this as correct and as applicable here. Other cases from other

States, cited by counsel for appellant, are to the same effect. We are cited by counsel for respondent to no decisions to the contrary. It is true that those learned gentlemen have referred us to Missouri cases, all of which we have cited above, but none of them meet the point here in decision.

The final judgment in the divorce case was appealed from and the appeal perfected, the plaintiff executing a bond which stood as security for the performance of the judgment, if affirmed, and the appeal was duly prosecuted. Nevertheless, the judgment itself stood in full force unless and until reversed on appeal. The effect of the appeal, a *supersedeas* being given, was not to set aside the judgment, it merely suspended its operation and enforcement. Had an appeal bond not been given and approved, beyond all doubt the wife, defendant below, could have had an execution for the amount of alimony awarded her in gross.

We can come to no conclusion other than that the learned trial court, in refusing to quash the execution here involved, did so on an erroneous view of the law. Its judgment must be and is reversed. *Nortoni* and *Allen, JJ.,* concur.