## KATHERINE M. DOWLING, Respondent, v. JOHN K. DOWLING, Appellant.

St. Louis Court of Appeals. Argued and Submitted February 4, 1914. Opinion Filed March 3, 1914.

1. DIVORCE: Alimony Pendente Lite: Allowance Pending Appeal. Where, in an action for a divorce, an appeal is taken from the judgment rendered by the trial court by either the.

Dowling v. Dowling.

husband or the wife, the trial court alone has the right to provide for an allowance in favor of the wife pending the appeal, and the order for such an allowance must be made at the time of, or in connection with, the granting of the appeal.

2. ————: ————: ————. The trial court may, in its discretion, order payment by the husband of counsel fees and maintenance pending the wife's appeal from a judgment dismissing her petition for divorce.

3. ————: ————: ————: Appellate Practice: Review. While the appellate court will review the discretion of the trial court in allowing a wife alimony pending her appeal from a judgment dismissing her petition for divorce, yet there must be a clear case of abuse of discretion by the trial court before its order for the payment of such alimony will be disturbed.

4. ————: ————: ————: Propriety of Allowance. An order making an allowance to a wife appealing from a judgment dismissing her petition for divorce of $100 for attorney's fees and $15 a month for maintenance pending the appeal was not an abuse of discretion, where the husband was worth $15,000.

Appeal from Hannibal Court of Common Pleas.—*Hon. William T. Ragland*, Judge.

AFFIRMED.

*J. W. Hays* for appellant.

*Berryman Henwood* for respondent.

(1) The allowance to a wife of attorney fees, suit money and alimony pending appeal is not dependent upon the result of a divorce suit in the trial court. 2 Bishop on Marriage and Divorce (6 Ed.), Chap. 27; Rev. Stat. of Mo., 1909, Sec. 2375; Libbe v. Libbe, 166 Mo. App. 240; Motley v. Motley, 93 Mo. App. 473; Mahn v. Mahn, 70 Mo. App. 337; Rosenfeld v Rosenfeld, 63 Mo. App. 411; Dawson v. Dawson, 99 Mo. 216; State ex rel. v. Seddon, 93 Mo. 520. (2) The making of such allowances rests solely in the sound discretion of the trial court and the presumption obtains that such discretion has not been abused.' Libbe v. Libbe,

166 Mo. App. 240; Robbins v. Robbins, 138 Mo. App. 211; Robertson v. Robertson, 137 Mo. App. 93; Rosenfeld v. Rosenfeld, 63 Mo. App. 411; Adams v. Adams, 49 Mo. App. 592.

REYNOLDS, P. J.—Respondent instituted her action for divorce in the Hannibal court of common pleas against appellant, charging various indignities. The answer was a general denial. As the result of a long trial before the court, at which a great deal of testimony was heard, the court dismissed plaintiff's case, finding for defendant. What is claimed to be a full abstract of the record in the divorce case proper has been filed in this case by the present appellant. That abstract shows the finding of the court for defendant but no final judgment on that finding. We may assume, for the purposes of the present case, that final judgment was entered in accordance with the finding. It does appear that plaintiff in the action, respondent here, filed her motion for a new trial, which being overruled, she filed an affidavit for an appeal to this court which was allowed. Along with the application for appeal, plaintiff below, respondent here, filed an application for an allowance for necessary expenses incident to the appeal and for counsel fees in prosecuting her appeal. At the same time that the court allowed the appeal in the main case, it entered an order sustaining plaintiff's application, allowing her $100 for counsel fees and $15 per month for maintenance and support pending the appeal, the first installment of this latter allowance to be due on the day of the entry of the order, which appears to have been on May 21, 1912, although this date is not very clear. From this last order defendant, excepting to it, perfected his appeal to this court, giving a bond in the amount fixed by the court. The appeal in the main case was also perfected and is pending in this court, not yet having been submitted.

The matter argued and submitted to us is the action of the trial court in making these allowances in favor of plaintiff in that court, pending the determination of this appeal from the order dismissing her action for divorce.

It is insisted by learned counsel for appellant here that it is our duty to examine the whole record of the proceedings at the trial of the main case and determine from that whether there is probable cause for the appeal and consequently whether the learned trial judge was authorized to make the allowance for counsel fees and alimony pending the appeal, it being claimed that the trial court, having denied the divorce to plaintiff below, was not warranted in making any allowance in her favor for the prosecution of an appeal from that judgment. We cannot agree to this contention. The matter of the allowance in favor of the wife, pending an appeal, the appeal being taken either by her or by her husband, has been before our court and the Supreme Court a number of times and it has been decided that the trial court is the only court that can make such allowance, and that it must be made, if made at all, at, or in connection with, granting the appeal in the main case. We went over the authorities on this matter very fully in Creasey v. Creasey, 175 Mo. App. 237, 157 S. W. 862, and can add nothing to what we there said on this phase of the case. See also Libbe v. Libbe, 166 Mo. App. 240, 148 S. W. 460, a decision by the Kansas City Court of Appeals which was not before our court when we decided the Creasey case, but which is in line with what we said in Creasey v. Creasey, supra.

A decision by our Supreme Court in State ex rel. Geroke v. Seddon, Judge, 93 Mo. 520, 6 S. W. 342, however, disposes of this whole question, as we think, and adversely to the contention of appellant in this case. It is there said (l. c. 522):

"The power of the court to order and en-force an allowance for alimony *pendente lite,* al-though an adjunct of the action of divorce, is an independent proceeding standing upon its own mer-its, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. It grows, *ex necessitate rei,* out of the relations between the parties to the controversy, and has nothing to do with the merits of that controversy. The order mak-ing such allowance in this case was a final and definite order disposing of the merits of that proceeding in the circuit court, and the relator was entitled to make his appeal." The appeal prayed was from an allow-ance of counsel fees and maintenance pending the ap-peal. It is further said in that case (1. c. 523), that while an order of the trial court allowing counsel fees and suit money pending the appeal, "is largely within the discretion of the circuit judge, and would not be interfered with by the appellate court unless it was made clearly apparent that such discretion had been abused, yet the fact that it may be almost immediately enforced, and is liable to such abuse as may result in the financial ruin of the party against whom the order is made, it is fit that such liability to abuse should be checked by the right of appeal."

In the case at bar and on the strength of these decisions, we therefore decline, on the hearing of this present appeal, to go into the merits of the main case, or to review the action of the trial court in denying the divorce to the respondent here, for the purpose of determining whether it was proper for the trial court to make these allowances. It is sufficient to say that we here assume that the learned judge who tried the divorce action had before him ample testimony as to the conduct of the parties and the facts attendant upon their domestic troubles to warrant him in denying the respondent a divorce. But the fact that with all this

before him, and in the face of the fact that he had refused the wife a decree, he allowed counsel fees and support in favor of the unsuccessful wife pending the appeal, presents the case to us in such a light that we feel warranted in following his action.

That judge had before him evidence as to the financial condition of the husband, appellant here. It appeared that he was worth about $15,000, and with no family but this wife. So that the amount to be allowed presented a question for the exercise of the discretion of the trial court. No complaint is here made of the amount of the allowance; the right to make any is alone challenged. We hold that the court was entirely within the law as laid down in the cases above cited, in making an allowance. All that is here open is the question of the proper exercise of his discretion in so acting. The exercise of this discretion of the trial court, as is said by our Supreme Court in State ex rel. v. Seddon, Judge, supra, is a matter that is always open to inquiry by the appellate court, but it would have to be a clear case of abuse of discretion in the matter of making any allowance at all, as well as in the amount of the allowance made, to warrant an appellate court in interfering with the judgment of the trial court. Without in any manner passing upon the merits of the main case, and solely for the purposes of this present appeal accepting the statement of counsel for this appellant as to the facts, we find no such abuse of the discretion of the trial court, in the matter of this allowance of counsel fees and suit money pending the appeal, as to warrant us in disturbing that action. It is accordingly affirmed. *Nortoni* and *Allen, JJ.,* concur.