WALTER N. GUYMON, Respondent, v. RUTH I. GUY-MON, Appellant.

In the Kansas City Court of Appeals, December 4, 1922.

DIVORCE: Alimony: Jurisdiction: Allowance of Suit Money and Attorneys Fees at Term Subsequent to Granting of Divorce, Pending Appeal from Order Reducing Monthly Payments for Maintenance of Minor Child, Held, Within Jurisdiction of Trial Court. Under sections 1806, 1812, Revised Statutes 1919, providing that when a divorce shall be adjudged, the court may make such order touching alimony and maintenance of the wife, and the care, custody and maintenance of his children, as from the circumstances of parties and nature of case, shall be reasonable, and to make such alterations as to allowance, and authorizing a review of any order or judgment touching the alimony or maintenance of wife, or the care, custody and maintenance of children, the trial court after granting divorce to wife and awarding her custody of minor child, had at a term subsequent to the granting of divorce, jurisdiction to award suit money and attorney's fees pending an appeal from an order of the court reducing the amount of monthly payments for the maintenance of the minor child.

Appeal from the Circuit Court of Harrison County.— *Hon. L. B. Woods,* Judge.

REVERSED AND REMANDED.

*Frisby & Frisby* for respondent.

*Randall Wilson* for appellant.

BLAND, J.—On November 23, 1920, plaintiff filed suit for divorce against the defendant. Defendant filed a cross-bill and on May 4, 1921, the court rendered a degree granting defendant a divorce from plaintiff and awarding her the custody of their minor child. The court also adjudged that plaintiff pay defendant the sum

of $50 per month for the support and maintenance of said child. The decree recited that the court retained jurisdiction as to the custody and control of the minor child and the "order for the support thereof herein made." At the January term, 1922, plaintiff filed a motion to modify the decree as to the monthly payment for the support of the child, whereupon the court modified the decree so as to provide for the payment of $30 per month for this purpose instead of $50. Defendant thereupon filed a motion to set aside the order modifying the decree in the respect mentioned. This motion was overruled and plaintiff appealed to this court where the judgment of the trial court reducing the amount was affirmed. [Guymon v. Guymon, decided by this court but not yet officially reported.] However, at the time the appeal was taken defendant also filed a motion asking for an allowance for suit money to pay for the transcript of the evidence on the motion to modify the decree, the printing of the record for the appellate court and for attorney's fees in perfecting the appeal and respresenting her in the cause in this court. This motion was overruled and defendant has appealed from the order overruling the same.

Defendant insists that the court had jurisdiction to award suit money for the purposes mentioned in her motion but plaintiff insists that it did not have such jurisdiction. The statute governing the matter are secions 1806 and 1812, Revised Statutes 1919, providing as follows—

"When a divorce shall be adjudged the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable . . . The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper."

"There may be a review of any order or judgment touching the alimony or maintenance of the wife, or the care, custody and maintenance of the children."

The Supreme Court in the case of Robinson v. Robinson, 268 Mo. 703, held that these provisions of the statute are broad enough to permit, in the divorce suit, the recovery by the wife of maintenance for a minor child at a term subsequent to the awarding of the decree of divorce and the custody of the child to her and after the judgment for alimony in gross had been satisfied, although nothing was said in the original decree of divorce concerning the maintenance of the child. In the case of Smith v. Smith, 151 Mo. App. 649, the Springfield Court of Appeals held that where a decree of divorce had been rendered, the wife granted the custody of the child, and at a subsequent term upon the husband filing a motion for modification of the decree so that he be awarded the custody of the child and that the alimony be annuled, the wife was entitled to temporary alimony with which to make her defense and that an appeal would lie from an order setting aside an allowance to the wife for this purpose. This case was cited approvingly in Kaplun v. Kaplun, 227 S. W. 894, by the St. Louis Court of Appeals. The Kaplun case was one where a motion was filed by the wife, at a term subsequent to the divorce, asking a change in the order relating to the custody of the child. It was held in that case that the court had power to make an allowance for suit money including attorney's fees pending an appeal from an order affecting the custody of the child; that the motion for modification of the decree as to the custody of the child was a continuation of the original action for divorce, the court retaining jurisdiction of the cause until the child reached his majority.

Of course there is no difference in principal between an allowance, in the original divorce case, of suit money including attorney's fees pending an appeal from an order, made at a subsequent term from the granting of

the divorce, as to the custody of the child and an appeal from an order affecting the maintenance of the child in such a suit under such circumstances. "Custody in the statute is joined with maintenance," (Robinson v. Robinson, supra, l. c. 711) and it would be illogical to hold that the wife in the original action for divorce would be entitled to suit money including attorney's fees pending appeal from an order on a motion involving the custody of the child and that she would not be entitled to such suit money in an appeal from an order involving the maintenance of the child. We think there is no question but that the court had jurisdiction to award suit money and attorney's fees pending the appeal from the order of the court reducing the amount of the monthly payments for the maintenance of the minor child.

The judgment is reversed and the cause remanded. All concur.