GEORGE W. BECKLER, APPELLANT, v. HELEN YATES BECKLER, RESPONDENT.—57 S. W. (2d) 687.

Kansas City Court of Appeals.  February 4, 1933.

*Davis & Ashby* for appellant.

*Scott & Miller* and *S. J. & G. C. Jones* for respondent.

BOYER, C.—This is an appeal from a final order and judgment awarding defendant the sum of $150 as an attorneys' fee in a divorce case.  The appeal is based upon a denial of the jurisdiction of the court to render such judgment under the facts and circumstances revealed by the record.  The action was instituted and was returnable to the September, 1930, term which began on the first day of that month.  On the first day of the term, defendant filed her answer and cross-bill in which she prays to be divorced and that she may be allowed alimony and suit money during the pendency of the proceeding, and that she may be allowed permanent alimony.  On the same day she also filed "Application for Attorneys' Fee and Suit Money" in which it is recited that she is without ready money; that plaintiff is occupying her home and had driven her away from it, and prays an allowance for her support from the time plaintiff drove her off and during the pendency of the suit as temporary alimony; and for the payment of an attorneys' fee in the sum of $250.  This application was not heard and determined until after a decree of divorce in plaintiff's favor.

Evidence was heard in the main case on the 10th day of October, 1930; and the matter was continued to October 28, 1930, for argument, at which time the case was argued and the court entered its decree in which it is found that plaintiff was the innocent and injured party and entitled to the relief prayed in his petition.  He was granted a divorce from the defendant and the court found against defendant on her cross-bill and ordered same dismissed, and that costs be taxed against defendant.  The subject of an attorneys' fee is not mentioned

in the decree. On the day the decree was entered defendant filed her motion for new trial. This motion was heard and overruled on December 13, 1930, and on the same day defendant filed her affidavit in appeal which was found sufficient, and the court granted defendant an appeal to this court from the divorce decree. Defendant also filed on the same day her motion for suit money and attorneys' fee in appeal which motion was considered and by the court overruled. Thereafter on the same day, December 13, 1930, and at the same September term, the court, over the objection of plaintiff's counsel, proceeded to hear evidence on the "Application for Attorneys' Fee and Suit Money" theretofore filed on September 1, 1930. A somewhat extended inquiry was had covering the financial worth of the respective parties plaintiff and defendant, they being the chief witnesses. Defendant presented evidence upon the subject of a reasonable attorneys' fee for services in preparation and trial of the case for defendant. At the conclusion of the evidence on the aforesaid motion the court entered its judgment that defendant recover of plaintiff the sum of $150 as attorney fees and further ordered and adjudged that defendant be "denied any allowance for suit money, support and maintenance or temporary alimony." In due and timely manner plaintiff perfected an appeal from that judgment and in his motion for new trial and in his assignment of error here contends that the trial court had no jurisdiction to render said judgment.

Appellant states his point and his position in these words: "If defendant was entitled to temporary alimony, suit money and attorney fees as prayed for in her motion therefor, she should have had said motion heard before or along with the trial on the merits in the divorce suit, as the court had no right, power or jurisdiction to hear, try or determine said motion or to render any judgment on said motion in defendant's favor after granting plaintiff a divorce." The cases cited to sustain appellant's contention are: Coons v. Coons, 236 S. W. 364; Watkins v. Watkins, 66 Mo. App. 468; Lawlor v. Lawlor, 76 Mo. App. 293; Creasey v. Creasey, 175 Mo. App. 237, 157 S. W. 862.

The respondent answers the foregoing contention as follows: "The judge of the circuit court of Livingston County had full and complete jurisdiction to make the award of attorneys' fees. All the evidence relating thereto and all orders and judgments were made at the same term of court, and the allowance and judgment appealed from was made in connection with the granting of the appeal." Respondent cites the same cases offered by appellant and adds thereto Dowling v. Dowling, 181 Mo. App. 675, 678, 164 S. W. 643; Guymon v. Guymon, 211 Mo. App. 694, 245 S. W. 617, and Kaplun v. Kaplun, 227 S. W. 894.

In the Dowling case the wife sued for divorce. The finding was

against her, and along with the application for an appeal she filed an application for an allowance for necessary expenses incident to the appeal and for counsel fees in prosecuting her appeal. At the same time the appeal was allowed the court entered an order allowing appellant counsel fees and maintenance pending the appeal, from which order the defendant appealed. The point made in said appeal was that inasmuch as the trial court had denied the divorce to plaintiff it was not warranted in making any allowance in her favor for the prosecution of the appeal from that judgment, and that the appellate court should examine the whole record to determine whether there was propable cause for the appeal by plaintiff without which the trial court would not be authorized to make an allowance for counsel fees and alimony pending the appeal. The contention was denied and it was ruled, in accordance with precedent, that the trial court is the only court that can make such allowance, ''and that it must be made, if made at all, at, or in connection with, granting the appeal in the main case.'' And it was further ruled that on the hearing of the appeal the appellate court would not review the action of the trial court in denying the divorce for the purpose of determining whether it was proper for the trial court to make the allowances for the appeal.

In the Guymon Case the defendant wife was granted a decree on her cross-bill and awarded the custody of a minor child. It was adjudged that plaintiff pay defendant a stated sum for maintenance of the child. The court retained jurisdiction as to the custody and control of the minor child and of the order for the support thereof. At a subsequent term, on motion of plaintiff, the court modified and decreased the amount allowed for maintenance. The defendant wife thereupon filed a motion to set aside the order to modify the allowance and same being overruled, perfected an appeal, and at the time of the appeal filed a motion asking for an allowance for suit money and for attorneys' fees in perfecting the appeal and in representing her in the appellate court. The motion for such allowance was overruled and defendant appealed. In that case the defendant wife insisted that the court had jurisdiction to award suit money for the purposes mentioned, and plaintiff insisted that it did not have such jurisdiction. It was held that the court had jurisdiction to award suit money and attorneys' fees pending the appeal from the order of the court reducing the amount of the monthly payments for the maintenance of the child.

In the Kaplun Case, after a decree of divorce and an award of divided custody of a child, the mother moved for and obtained a modification of the order of custody so as to place the exclusive custody with her. Upon review in the appellate court the defendant in error, who was the wife, requested the appellate court for an allowance of suit money and attorneys' fees pending the appeal. No

such motion was filed in the circuit court. It was ruled that "the power to make allowances by way of alimony to the wife pending an appeal resides only in the circuit court." The rulings made in the above cases do not support the position of respondent in the case at bar; nor do we find anything in the other cases cited to support the jurdiction of the trial court to make an allowance of an attorneys' fee for services in the trial of the divorce case subsequent to the decree in the case.

In the Watkins Case it was held that after a decree dismissing the petition, the court had no jurisdiction to order the further payment of alimony *pendente lite* unless the plaintiff made application for an appeal. While a motion for new trial was pending the court allowed a sum to pay expenses of an appeal when there had been no application for an appeal. Consequently it was held that there was no jurisdiction to make an allowance for maintenance and attorney's fee for the purposes of an appeal, and that "it is the making of the application in due form and time which invests the court with jurisdiction to order the payment of the expenses of the appeal and without this it has no such jurisdiction."

In the Lawlor Case the husband sued for divorce, lost his case, and appealed. The wife applied to the Court of Appeals for the allowance of support pending the appeal and for expense money to pay attorneys' fees. On authority of the Watkins Case it was held that "after application for an appeal was made and before granting the same the circuit court was possessed of jurisdiction to make reasonable allowances by way of alimony for all of the purposes mentioned in the motion." No allowance for alimony had been made in the trial court. And it was further held that the appellate court had no jurisdiction and that the circuit court was the only court that could make the order for alimony, and that its action thereon may be reviewed on appeal.

In the Creasey Case, among other declarations in the opinion, it was held to be "within the power of the trial court, in and by the final decree, in case of an appeal, to provide for the payment of suit money, counsel fees and alimony pending and covering the appeal. But this must be done in and by the final decree, or along with the granting of an appeal, if an appeal is taken."

In the Coons Case it was ruled on authority of the Watkins, Lawlor, and Creasey Cases that "it has long and often been held in this State that the circuit court has no right to make an order for alimony or attorneys' fees after the trial of the divorce case and before the application for appeal is filed."

In the case of State ex rel. Gercke v. Seddon, 93 Mo. 520, 522, is the following declaration: "The wife is entitled to alimony and suit money so long as the litigation continues. . . . The decree having been appealed from, the suit is still pending, and the circuit court

had power to make the order allowing alimony pending the suit in the appellate court, pending the application for an appeal in the divorce suit, and before such appeal was perfected. [State ex rel. v. St. Louis Court of Appeals, 88 Mo. 135.] It was the only court having jurisdiction to make such order, and it would have had no such jurisdiction after the appeal had been perfected. [State ex rel. v. Court of Appeals, supra; Lewis v. Lewis, 20 Mo. App. 546.]''

Respondent seeks to justify the action of the trial court in allowing an attorneys' fee in this case on the theory that it was made ''along with the granting of an appeal.'' The quoted words or similar ones are used in some of the opinions of the cases cited, but refer to the action of the court in allowing an attorney's fee for the purposes of the appeal and not for services in the trial of the divorce case. It is manifest from the record in this case as heretofore recited that the application for, and the award of, attorneys' fee in this case was not an application or an award for services in connection with the appeal, but was for services in the preparation and trial of defendant's case. This is shown by the fact that respondent's motion for suit money and attorneys' fee in appeal was considered by the court and overruled, and thereafter the court considered the previous motion of respondent filed on the first day of the term for temporary alimony and attorneys' fee, and upon said motion denied alimony and awarded the allowance for the trial of the case. That respondent was seeking the allowance of an attorneys' fee for the trial of the case is further shown by the proof offered by her upon the motion. In the examination of her expert witness a statement was made of the services rendered in the trial, time required, and the ability of appellant to pay. The witness was asked: ''Now, with that statement what would you say would be a reasonable fair attorneys' fee for the trial of the case?'' The witness answered that it would be in the neighborhood of $1500. ''Q. That would be what I am asking you now is for trial three days and preparation? A. I so understood.'' There was no evidence upon the question as to what would be a reasonable attorneys' fee for the prosecution of an appeal, and the judgment of the court does not award an attorneys' fee for services to be rendered in an appeal, but clearly made the allowance for services already performed in the trial of the case. Under the authorities heretofore reviewed, the court had no power to make such an allowance after trial and judgment in the divorce case, and the learned court evidently misconceived and misapplied the law. The fact that the allowance was made at the trial term is immaterial. The decree already entered was not vacated or affected by the allowance in an independent proceeding subsequent to the decree.

There is no doubt that the court had jurisdiction to award an attorneys' fee for the appeal on application in proper time, but the application for such an allowance was denied and there was no ap-

peal taken from that order. The court then proceeded erroneously to hear and grant an application for attorneys' fee in the trial after the decree of divorce had been entered. If defendant desired the allowance of an attorneys' fee for the trial it was necessary to present the demand therefor prior to judgment in the case, or have the decree set aside to permit the allowance. The judgment should be reversed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is reversed. All concur.