Chester C. McKENZIE (Plaintiff), Appellant,

v.

Constance M. McKENZIE (Defendant), Respondent.

Nos. 29739, 29801.

St. Louis Court of Appeals.

Missouri.

Nov. 5, 1957.

Lawrence J. McKim, Samuel J. Kevrick, St. Louis, for appellant.

Claude W. McElwee, Frank P. Motherway, St. Louis, for respondent.

WOLFE, Commissioner.

This is an action for divorce. The husband, plaintiff, prevailed below but the defendant, wife, was awarded the custody of their two daughters, and the plaintiff has appealed. There was an allowance of attorney's fees to the defendant for defending a writ of prohibition hereinafter mentioned and there was also an allowance of attorney's fees for the defense of this appeal. From these, after trial orders, the plaintiff has appealed.

Both of these appeals were argued and submitted together and both are herein considered.

The petition in this cause was filed in April, 1954. The plaintiff charged his wife with general indignities and habitual drunkenness. The defendant answered with a charge of abandonment and sought separate maintenance and the custody of their two daughters, seven and five years of age respectively, at the time the petition was filed.

The cause came on for hearing on November 8, 1954, and the plaintiff pressed none of his charges except that of habitual drunkenness. The evidence to support this was that for at least two years prior to the date of filing the petition the defendant drank to excess. Both the husband and friends of the couple testified that the defendant drank to such excesses that at times she could not stand. The husband said that she drank about a fifth of a gallon of whiskey a day and that when he came home from his work she would be "glassy-eyed" and incoherent. At one time he was

asked to take her home from a party because she was drunk and disorderly. On another occasion she had to be carried to their car. A maid who had been in their employ testified that the defendant hid whiskey in various places about the house and that there were frequent deliveries of it from the drugstore.

There was testimony that the children had been found outside after dark in the late fall of the year and taken into their home by a passing motorist who found the mother asleep on the kitchen floor. There was also testimony that at one time the older child was beaten by her mother during the early hours of the morning because of some hallucination that the mother had about the child's behavior.

The plaintiff prevailed upon the defendant to have medical attention and in 1953 Dr. Luten arranged to have her sent to St. Vincent's Hospital. She remained there for ten days and after her return she was sober for three months. In August of that year she again started drinking and in December she was again hospitalized for a few days but was released for the Christmas holidays on a promise not to drink any more. During the holidays she again took to drink and was almost continually intoxicated.

Plaintiff left and took the two children with him in April, 1954. He lived thereafter in an apartment with his daughters and employed the same maid that had worked for him while he was living with his wife. The defendant at the time of the trial was living with her aunt.

Upon the foregoing evidence the court found in favor of the plaintiff and awarded him the custody of his two daughters with the right of temporary periods of custody in the mother. A motion for a new trial was filed and without objection the defendant testified at a hearing on the motion that she had moved to an apartment of her own and that she would be a good mother to the children. The court, without ruling upon her motion for a new trial, set aside the decree as it related to the custody of the children and reset the cause for January 3, 1955, for further hearing. On January 3, 1955, the court re-entered the decree of divorce which it had never of record set aside and again gave custody to the plaintiff with certain periods of temporary custody in the defendant, and decreed that such custodial provisions should only remain in force until May 2, 1955, at which time a further hearing was to be held.

The defendant after an unavailing motion for a new trial filed a notice of appeal to this court which appeal was withdrawn on March 21, 1955. Thereafter, on May 2, 1955, a further hearing was had.

Two priests testified that they had seen Mrs. McKenzie on several occasions and had been in her home and that they were both under the impression that she had fully recovered from alcoholism. One stated that he was present in her home when the children were there and that both she and the children displayed normal affection toward each other. A relative who had seen Mrs. McKenzie on a number of occasions since January, 1955, had noted a great change for the better. She said that defendant is a very capable person. She visited defendant on Easter when the children were with her and she said that the children were very affectionate toward their mother. This witness also testified that she knew Mrs. McKenzie had been an alcoholic and that Mrs. McKenzie had joined Alcoholics Anonymous since her separation from her husband.

A member of that organization testified that Mrs. McKenzie was a member and had been awarded a card indicating that she had not had an alcoholic drink for six months.

A neighbor in the apartment building to which the defendant had moved stated that she had been in close contact with Mrs. McKenzie since her move and that she had never seen her take a drink. She said that she had offered her a drink not knowing of her difficulty and that Mrs. McKenzie had refused it.

The defendant testified that she was currently living in a five-room apartment and had been employed since January as a secretary by a life insurance company. Her salary was $250 a month. She testified that she was a member of Alcoholics Anonymous and that on June 9 she would have abstained from alcohol for a period of one year. She attended weekly meetings of the organization. The rest of the testimony at the hearing had to do with plaintiff's earnings and the cost of maintaining the children. No point having been raised in regard to the allowance of support money, this need not be set out.

At the conclusion of this hearing the the court awarded custody to the defendant with temporary periods of custody in the plaintiff. It then ordered that such provisions remain in force until September 8, 1955, setting that date as a time for a "conference between the court and attorneys".

The plaintiff then filed an unavailing motion for a new trial and appealed to this court. On September 22, the trial court indicated its intention to make permanent the award of custody in the defendant and the plaintiff sought a writ of prohibition here. We issued our preliminary rule in prohibition but on October 5, 1956, the preliminary rule was discharged. See State ex rel. McKenzie v. LaDriere, Mo.App., 294 S.W.2d 610.

After our mandate was sent down the court entered a decree awarding custody to the mother with support money for the children and temporary periods of custody in the father. The plaintiff again filed a motion for a new trial, which was overruled on November 9, 1956. The plaintiff again appealed. The defendant filed a motion for attorney's fees for work done by her attorneys in the prohibition suit and also for fees and expenses to defend the appeal. Both of these were allowed by the court and this was also appealed.

■ It is first contended that the court erred in considering the evidence of things that had occurred since the filing of the suit. We considered the same question in the prohibition action, State ex rel. McKenzie v. LaDriere, supra, and held, and properly so, that the court was acting within its jurisdiction. We did, however, in that case express approval of the procedure employed by the court. Upon a review of the entire transcript, we feel that the procedure employed does not merit the approval that we accorded it. The court should decide cases upon the evidence presented at the trial of the issues and not continue and drag a case along in the hope, however well founded, that future events may alter the present facts. Divorce is a statutory action and the statute takes care of future changes by permitting a modification of decrees upon a proper showing. Sections 452.070, 452.-110 RSMo 1949, V.A.M.S. This does not mean that the plaintiff's point is now well taken. The facts indicate that the court and all parties were aware that the only reason that the mother was not given custody of her two daughters was her addiction to drink. The parties offered no objections to the numerous temporary dispositions and resettings of the case nor to the testimony as to the conditions arising subsequent to the trial. Therefore they cannot now be heard to complain.

■ It is next contended that the court erred in awarding custody to the mother in that the father prevailed in the divorce case. The fact that either party prevails in a divorce case is not the determining factor in awarding the custody of the children involved. The custody of children should never be awarded as a means of punishing one parent or rewarding the other. The determinative factor in awarding custody is the welfare of the child. Green v. Perr, Mo.App., 238 S.W.2d 924; Ballew v. Ballew, Mo.App., 288 S.W. 2d 24. It is quite naturally considered that very young children and particularly girls should be in the custody of their mother unless she is demonstrably unfit to assume their proper care. Davis v. Davis, Mo. App., 254 S.W.2d 270; Armstrong v. Arm-

strong, Mo.App., 185 S.W.2d 845. We cannot therefor hold that the court erred in awarding custody to the mother, for the evidence upon which the case was decided showed that she had fully rehabilitated herself and was capable of caring for the children.

█ The points raised as to the allowance of attorney's fees by the court are, first, that the defendant had sufficient means to meet the expenses herself. We are cited to Rutledge v. Rutledge, 177 Mo. App. 469, 119 S.W. 489. That case and many later cases, such as Baer v. Baer, Mo.App., 51 S.W.2d 873, and Price v. Price, Mo.App., 281 S.W.2d 307, have held that if a wife is possessed of sufficient means of her own to prosecute a divorce suit, then there is no reason for requiring the husband to finance her side of the litigation. In order to bring himself within this rule the plaintiff states that the defendant received $11,800 in 1954 as her share of the proceeds realized on the sale of a house that the parties owned as tenants by the entirety. The motions for fees were sustained in 1957, over two years later, and there is no showing of record as to what her financial condition was at that time. Plaintiff was in the trucking business from which he drew a salary of $800 a month and he owned 80% of the capital stock. The company was capitalized for $60,000. Under that state of facts, and since he is the appellant here, it does not appear that the court erred for the reason urged in making the allowance of attorney's fees for the appeal.

█ The second point for which the appellant contends is that the court erred in awarding fees for the attorney's services in defending the prohibition suit, in that the matters therein litigated did not arise out of the marital relations. There appears, however, to be present a question of the court's jurisdiction to rule upon the motion. On October 9, 1956, the court entered its final decree. On October 17 the motion for a new trial was filed by the plaintiff. On October 23, 1956, the motion for attorney's fees for services that *had been performed* prior to the decree in connection with the prohibition suit was filed by the defendant. On January 7, 1957, the court sustained the motion for fees for the services in the prohibition suit. If the defendant was entitled to fees for her counsel's services in the collateral action, the motion for such fees should have been filed before the final decree in the divorce case was entered and the award made a part of the decree. The decree was conclusive not only as to all issues tried but also as to all issues that might have been litigated. Noll v. Noll, Mo.App., 286 S.W.2d 58. The court was therefore without jurisdiction to enter a judgment for attorney's fees for the services rendered during the pendency of the divorce suit after the suit had been finally determined. Beckler v. Beckler, 227 Mo.App. 761, 57 S.W.2d 687; Shepard v. Shepard, Mo.App., 194 S.W.2d 319, loc. cit. 328; Coons v. Coons, Mo.App., 236 S.W. 364; Creasey v. Creasey, 175 Mo.App. 237, loc. cit. 243, 157 S.W. 862.

For the reasons stated, it is the recommendation of the Commissioner that the decree of the court be affirmed and that the order allowing attorney's fees and expenses on this appeal be affirmed, and that the order allowing attorney's fees for the defense of the prohibition proceeding be reversed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The decree of the circuit court is accordingly affirmed and the order allowing attorney's fees and expenses on this appeal is affirmed and the order allowing attorney's fees for the defense of the prohibition proceeding is reversed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.