Minnie SCHENBERG (Plaintiff), Respondent,

v.

Mitchell SCHENBERG (Defendant), Appellant.

No. 29721.

St. Louis Court of Appeals.

Missouri.

Dec. 3, 1957.

Motion for Rehearing or for Transfer to Supreme Court Denied Jan. 3, 1958.

Shifrin, Treiman, Agatstein & Schermer, Louis Shifrin, St. Louis, for appellant.

Blumenfeld & Abrams, Harold J. Abrams, St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from an order of the Circuit Court of St. Louis County awarding attorneys' fees. Attorneys Blumenfeld & Abrams filed suit for separate maintenance for Minnie Schenberg against Mitchell Schenberg. The latter filed an answer and cross-bill for divorce. After the rendition of extensive legal services Blumenfeld & Abrams filed a motion for leave to withdraw as attorneys for Minnie and at the same time filed an application for attorneys' fees for services rendered. On March 27, 1956 the court sustained the motion of the attorneys to withdraw but no disposition of the motion for fees was made at that time. Attorney John D. Hasler entered his appearance for Minnie on March 27, 1956. Mr. Abrams sought to call up the motion for attorneys' fees for hearing on April 10, 1956 but the court indicated that it preferred to take the motion with the case. It was agreed and understood between Blumenfeld & Abrams, Hasler, and Louis Shifrin, attorney for Mitchell, that Mr. Abrams would be notified when the cause on the merits would be called for trial so that the pending motion for attorneys' fees could first be heard. Through some inadvertence Blumenfeld & Abrams were not notified and therefore they did not appear when the petition for separate maintenance was tried on its merits on April 30, 1956. At the hearing on the merits Mitchell dismissed his cross-bill for divorce and the court, after hearing the evidence on the petition, dismissed Minnie's petition for separate maintenance for failure of proof. No order was then made on the motion for attorneys' fees, the court having completely overlooked the fact that such a motion was pending. No motion for new trial or appeal was taken from the judgment of April 30, 1956.

On May 2, 1956 on the court's own motion "The order of April 30, 1956 dismissing plaintiff's cause of action was amended to the extent only that the Court reserve jurisdiction to hear and determine plaintiff's claim for attorneys' fees filed by Blumenfeld & Abrams." The court did not attempt to make an order for a separate trial or provide for a separate judgment in the matter of the motion for attorneys' fees,

under Supreme Court Rule 3.29, 42 V.A. M.S.

On May 9, 1956 the court conducted a hearing of the claims of the attorneys for fees. At the conclusion of all of the evidence the court took that matter under advisement. On August 14, 1956 the court made an order awarding Minnie attorneys' fees in the sum of $2,500 for the use and benefit of Blumenfeld & Abrams. At the conclusion of the judgment of August 14 the following appears: "It is further ordered that the prior order of this Court, dated April 30, 1956, be amended nunc pro tunc, in conformance with this decree." Within ten days both Minnie and Mitchell filed motions for new trial with respect to the allowance of attorneys' fees. Both motions were overruled on October 15, 1956. Within ten days both Minnie and Mitchell filed notices of appeal from the judgment of August 14. By stipulation the appeals were consolidated and later Minnie dismissed her appeal. Mitchell's appeal from the judgment of August 14 remains for our consideration.

■ Respondent-Minnie filed a motion to dismiss the appeal for the reason that appellant-Mitchell's brief violates Supreme Court Rule 1.08, 42 V.A.M.S., in that appellant's "Points Relied Upon" are mere abstract statements of law and present nothing for judicial review. "Points Relied Upon" in appellant's brief do not satisfy Rule 1.08, but from the brief we are able, without undue labor, to ascertain the issue sought to be raised. Although infraction of Rule 1.08 is not to be condoned it is recommended in the interests of justice, that respondent's motion to dismiss the appeal be overruled.

Appellant's principal point, reconstructed, is that the trial court erred in entering an order on August 14, 1956 awarding attorneys' fees for services rendered pendente lite because the court below lost jurisdiction over the case after the lapse of 30 days from April 30, 1956; that after the entry of final judgment in a separate maintenance action

a trial court has no power to award attorneys' fees, except for purposes of appeal.

■ A motion for attorneys' fees pendente lite in a suit for separate maintenance is an auxiliary proceeding, interlocutory in nature, which depends upon the continued existence of jurisdiction in the principal case. Reviewing a motion for maintenance pendente lite and suit money in State ex rel. Nelson v. Williams, Mo. App., 249 S.W.2d 506, loc. cit. 512, we said:

"As its name implies, it is an auxiliary proceeding which depends for its vitality upon the existence of live, pending litigation on the merits. * * * jurisdiction to entertain such a motion necessarily depends upon the continuation of jurisdiction of the court in the main action. * * *."

There is nothing to which jurisdiction to allow attorneys' fees pendente lite can attach when jurisdiction over the principal case is lost. State ex rel. Nelson v. Williams, supra.

■ Temporary allowances *pendente lite* cannot be made after final decree or dismissal, either in suits for separate maintenance, Smith v. Smith, Mo.App., 176 S.W.2d 647, or divorce cases. Beckler v. Beckler, 227 Mo.App. 761, 57 S.W.2d 687; Coons v. Coons, Mo.App., 236 S.W. 364; Creasey v. Creasey, 175 Mo.App. 237, 157 S.W. 862; Lawlor v. Lawlor, 76 Mo.App. 293; Watkins v. Watkins, 66 Mo.App. 468; Friedman v. Friedman, 132 Okl. 45, 269 P. 257; Hengen v. Hengen, 85 Or. 155, 166 P. 525; Wald v. Wald, 124 Iowa 183, 99 N.W. 720; 27 C.J.S. Divorce § 207 e. The reason is that the action is no longer pending and the court has no further jurisdiction of the parties or of the subject-matter after the case is decided on the merits. In Smith v. Smith, supra, in which we were considering orders for temporary support and suit money, we said that after the entry of judgment on the merits in favor of a husband, 176 S. W.2d loc. cit. 649:

"* * * the court will have no jurisdiction to order the payment of further alimony pendente lite and suit money, save only in the event of the wife's appeal, and then only after an application for appeal is made or the appeal itself allowed,"

and that a previous order for temporary support "becomes of no effect" upon the final determination of the principal case on the merits. In the instant case, in order for the court to have entered a valid order for attorneys' fees pendente lite, it was necessary for respondent to have presented the demand therefor before judgment on the merits, or for the court to have set aside the judgment on the merits to permit the allowance. Beckler v. Beckler, supra, 57 S.W.2d loc. cit. 689; Friedman v. Friedman, supra. No motion for a new trial or application for appeal was filed, so that the judgment of April 30 became final for all purposes upon the expiration of the 30-day period, Kidd v. Kidd, Mo.App., 229 S.W.2d 270, and the trial court thereupon lost jurisdiction to interfere with, amend, change or modify the judgment, State ex rel. State Highway Commission v. Galloway, Mo. App., 292 S.W.2d 904; Snyder v. Christie, Mo.App., 272 S.W.2d 27, unless the actions of the court on May 2 and May 9 preserved its jurisdiction. The court had control over the judgment on the merits entered April 30 for 30 days thereafter, during which time it could reopen, correct, amend or modify its judgment for good cause. Supreme Court Rule 3.25, 42 V.A.M.S. During that 30-day period the court entered its order of May 2 by the terms of which the court purported to "amend" the April 30 judgment "to the extent only that the court reserve jurisdiction to hear and determine plaintiff's claim for attorneys' fees." The order of May 2 did not vacate the judgment of April 30 or suspend its operation as a final judgment on the merits in the principal case. Nor did the order of May 2 operate as an amendment of the judgment in the sense that the judgment

of April 30 is to be construed as having been amended to include the ultimate award of attorneys' fees on August 14. Respondent does not so contend. On the contrary, respondent asserts that the ultimate award of attorneys' fees was a "separate, final, appealable order." The order of May 2 invested the court with no more extensive powers than it already had, namely, the powers given it by Supreme Court Rule 3.25, supra. In Friedman v. Friedman, supra, the trial court rendered a judgment in a divorce case, together with a further order that attorneys' fees payable to the wife's counsel "shall be hereafter determined by this court." At a subsequent term the court allowed $5,000 attorneys' fees. With reference to the reservation of jurisdiction the Supreme Court of Oklahoma said, 269 P. loc.cit. 258:

> "Apparently defendant in error contends that because the court made such reservation, such authority would exist after the expiration of the term. With this we cannot agree, regardless of the question of intention. It is not a question of intention, but a question of power of the court to exercise jursdiction which he had lost from lapse of time."

A court cannot extend its statutory powers by judicial fiat. 21 C.J.S. Courts § 34. An attempted reservation in the judgment of power to amend it does not enlarge or extend the authority which the court otherwise has in that behalf. 49 C.J.S. Judgments § 230 c. And see Hill v. St. Louis, 20 Mo. 584.

■ In the absence of an order directing a separate trial (not made here) there can be only one final judgment, which must dispose of all of the issues in a case. The judgment of April 30 was a final determination of the issues raised in the principal case, namely, the right of plaintiff to a decree for separate maintenance. It was conclusive not only as to all of the issues actually tried but also as to all issues which might have been litigated, McKenzie v.

McKenzie, Mo.App., 306 S.W.2d 588; Noll v. Noll, Mo.App., 286 S.W.2d 58, including the motion for attorneys' fees pendente lite. Thirty days after its rendition it became final no motion for a new trial or application for appeal having been filed, and the power and control of the court over its judgment did not thereafter survive.

Nor did the action of the court on May 9 in conducting a hearing on the motion for attorneys' fees and taking the same under advisement invest the court with jurisdiction. The court could not expand or extend its powers by holding an unauthorized hearing. In Beckler v. Beckler, supra, the court not only conducted the hearing but also entered the order on the motion for attorneys' fees, within the term, but the court said, 57 S.W.2d loc. cit. 689: "The fact that the allowance was made at the trial term is immaterial. The decree already entered was not vacated or affected by the allowance in an independent proceeding subsequent to the decree." See also Hamilton v. Salisbury, 133 Mo.App. 718, 114 S.W. 563.

We recognize that there is a qualification to the general rule that the power to modify or correct a judgment ceases with the end of the term (under the old code, and with the expiration of 30 days, no motion for a new trial or application for appeal having been filed, under the new), and that in certain cases involving matters originally of equity cognizance it is held that if a court has retained and continued its jurisdiction in a particular case by a reservation or other act during the term, its power and control over its final judgment or decree survives the end of the term. Aetna Ins. Co. v. Hyde, 327 Mo. 115, 34 S.W.2d 85, loc. cit. 88; Little v. St. Louis Union Trust Co., 146 Mo.App. 580, 124 S.W. 600. This qualification has not been applied, however, to sustain the after-term or after-30-day-period allowance of temporary awards in separate maintenance suits, which cannot be made where jurisdiction of the court over the principal case has been lost. The right to an allowance for attorneys' fees pendente lite and the proper amount to be awarded are matters which can definitely be ascertained at the time of the trial and entry of final judgment on the merits in separate maintenance or divorce actions, because the work is done and the extent of the services is known. In contrast, in interpleader suits, suits to construe trusts, etc. the amount and the value of services which may be required of attorneys in the future cannot always be known or ascertained at the time of the entry of final judgment in the trial court. In Little v. St. Louis Union Trust Co., supra, 146 Mo. App. loc. cit. 592, 124 S.W. loc cit. 603, the court said: "* * * as the bank appealed, the trust company would be entitled to a fee for services on the appeal, if not defeated, and these could not be estimated in advance, because the work which would be required could not be known. The appeal might be dismissed, or it might be prosecuted. * * *"

While a court, having obtained jurisdiction, retains it until the final disposition of the cause, the jurisdiction is exhausted and it cannot take any further action in the case (except as noted above in certain equity cases) after a final judgment or decree has been rendered and the judgment term has ended, or as in the instant case 30 days have elapsed without the filing of a motion for new trial or the taking of an appeal. Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S.W.2d 3; Burton v. Chicago & A. R. Co., 275 Mo. 185, 204 S.W. 501; State ex rel. Williams v. Daues, 334 Mo. 91, 66 S.W.2d 137; Niedringhaus v. Wm. F. Niedringhaus Inv. Co., Mo.App., 54 S.W.2d 79.

We are not unmindful of Waters v. Waters, 49 Mo. 385, followed by us recently in Dees v. Dees, Mo.App., 258 S.W.2d 243, holding that the dismissal of a divorce petition by a husband while the application of the wife for a temporary allowance

was pending did not defeat the wife's claim, which could thereafter be asserted; that under those circumstances the application is not only made pending the suit. but it would be a fraud upon the wife to permit the husband to defeat her rights by dismissing the proceeding. These cases are clearly distinguishable from the instant situation.

Respondent seeks to distinguish the Beckler case on the ground that in the instant case, unlike the situation in Beckler, the trial court timely exercised its power to reopen the case for the purpose of hearing the motion for attorneys' fees. Respondent cites Flynn v. First Nat. Safe Deposit Co., Mo.Sup., 284 S.W.2d 593. The difference is that in Flynn the court took action on the motion for attorney fees within 30 days after final judgment, whereas in the instant case the court did not make its award of attorneys' fees within the 30-day period, but at a time more than 100 days after final judgment. As stated in the Flynn opinion, supra, 284 S.W.2d loc. cit. 597:

"Less than thirty days after entry and pursuant to Supreme Court Rule 3.25, the trial court reopened and amended the judgments quashing the writs of garnishment *to include as a part thereof the allowance to each garnishee of attorney fees * * *.*" (Our emphasis.)

■■■■ Nor was the instant judgment of April 30 amended to include the ultimate award of attorneys' fees. The nunc pro tunc addendum to the judgment of August 14 did not affect the legal situation. No one contends that in fact attorneys' fees were awarded on April 30. A nunc pro tunc entry is an entry made now for something actually done previously but not then entered. It cannot be made to correct a mistake or oversight of the judge. Spivack v. Spivack, Mo.App., 283 S.W.2d 137. Where a court has wholly omitted to make an order which it might or ought to have made, as distinguished from what it actual-

ly did, the order cannot afterwards be entered nunc pro tunc. Arkansas-Missouri Power Co. v. Hamlin, Mo.App., 288 S.W. 2d 14. The nunc pro tunc provisions of the judgment of August 14 were surplusage and a nullity. .

■■■■ Respondent asks us to consider the equities of the situation; that counsel had agreed to notify Blumenfeld & Abrams of the time of the hearing but failed to do so, as a result of which the motion for attorneys' fees was not acted upon at the time of the hearing on the merits. The equities are unavailing in the face of lack of jurisdiction. Even so, respondent, represented by an attorney, participated in the hearing on the merits without calling the court's attention to the fact that the motion for attorneys' fees was undisposed of and required action. Blumenfeld & Abrams have no claim to equitable consideration in this case, because they are not parties to the action and the award of fees in their favor, if made, would be made to respondent and not to the attorneys. Noll v. Noll, supra, 286 S.W.2d loc. cit. 61.

Since the court was without jurisdiction to enter the order of August 14 we need not consider appellant's further point that an award of alimony pendente lite and attorneys' fees cannot be made in a separate maintenance suit unless the plaintiff makes a prima facie showing that she has a meritorious case.

The judgment of the circuit court should be reversed and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

Respondent's motion to dismiss, accordingly, is overruled and the judgment of the circuit court reversed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.